IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JASON SHIRLEY,**　　　　　　　　　　　　CV. 6:13-cv-01706 RE

　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　**OPINION AND ORDER**

　　　　v.

**CAROLYN W. COLVIN,**
Commissioner of Social Security,

　　　　　　Defendant.

**REDDEN**, Judge:

Plaintiff seeks an award of fees in the amount of $4,360.80 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). The Commissioner does not object to the fee petition. Plaintiff's application (#27) is granted.

### Standards

Under the EAJA, a prevailing party is entitled to recover attorneys fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The test for whether the government is substantially justified

is one of reasonableness." *Gonzales v. Free Speech Coalition,* 408 F.3d 613, 618 (9th Cir. 2005)(internal quotations omitted). The Commissioner's position need not be justified to a high degree, but to a degree that could satisfy a reasonable person. *Pierce v. Underwood,* 487 U.S. 552, 562-63 (1988); *Bay Area Peace Navy v. United States,* 914 F.2d 1224, 1230 (9th Cir. 1990).

A substantially justified position does not necessarily mean a correct position; instead there may be a dispute over which reasonable minds could differ. *Gonzales,* 408 F.3d at 618. A position is substantially justified if it has a reasonable basis in law and fact. *Pierce,* 487 U.S. at 565; *Hardisty v. Astrue,* 592 F.3d 1072, 1079 (9th Cir. 2010), *cert. denied,* 2011 WL 1832858 (May 16, 2011). The government bears the burden of demonstrating substantial justification. *Kali v. Bowen,* 854 F.2d 329, 332 (9th Cir. 1988). The Commissioner's failure to prevail on the merits of her positions does not raise a presumption of unreasonableness. *United States v. Marolf,* 277 F.3d 1156, 1162 (9th Cir. 2002)(citing *Kali v. Bowen,* 854 F.2d 329, 332 (9th Cir. 1988)).

An award of attorney fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The court has an independent duty to review the fee request to determine its reasonableness. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir. 2008). The fee applicant bears the burden of documenting the appropriate hours

expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1992).

### Discussion

It is undisputed that plaintiff is the prevailing party. The Commissioner does not object to the amount of costs or the requested hourly rate. Plaintiff's request for 1.5 hours in 2013 at $187.02 and 21 hours in 2014 at the rate of $189.78, for a total of $4,360.80, is reasonable.

Plaintiff's EAJA fees which are not subject to any offset allowed under the Department of Treasury's Offset Program shall be made payable to Plaintiff's attorney.

### Conclusion

Accordingly, plaintiff's EAJA application (#27) is granted. Plaintiff is awarded fees in the amount of $4,360.80.

IT IS SO ORDERED.

Dated this 7 day of January, 2015.

_____
JAMES A. REDDEN
United States District Judge